UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MAPP,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ERNESSITA SANTOS and<br>COUNTY OF SAN DIEGO,<br><br>　　　　　　　Defendants. | Case No.: 17cv2220-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

　　The matter before the Court is the Motion for Emergency Restraining Order and/or Preliminary Injunction filed by Plaintiff Timothy Mapp. (ECF No. 24).

**I.　BACKGROUND**

　　On February 8, 2018, Plaintiff filed an Amended Complaint, the operative pleading in this action, against Ernessita Santos and the County of San Diego. Plaintiff brings a cause of action pursuant to 42 U.S.C. § 1983 for violations of his due process rights. Plaintiff alleges that Defendant Santos, a case worker for the Department of Child Support Services ("DCSS"), "made a false report of non-payment to the Department of Motor Vehicles" and as a result "Plaintiff's professional license was suspended effective 18 May 2017." (ECF No. 14 at 3). Plaintiff alleges that this resulted in a loss of employment. *Id.* at 6. Plaintiff seeks damages and an injunction preventing Defendants "from suspending

1

Plaintiff's professional license without court order first." *Id.* at 7. Defendants have filed a motion to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. (ECF No. 17). The motion remains pending.

On April 23, 2018, Plaintiff filed a Motion for Emergency Restraining Order and/or Preliminary Injunction. (ECF No. 24). Plaintiff moves the Court for a temporary restraining order and/or preliminary injunction "enjoining defendant SAN DIEGO COUNTY, and all persons acting on its behalf, from SUSPENDING THE DRIVERS LICENSE OF TIMOTHY MAPP (PURSUANT TO FAMILY CODE 17520, pending entry by the Court of a final judgment in this action." *Id.* at 1. Plaintiff asserts that the Child Support Agency received payment on March 5, 2018. Plaintiff asserts that a DCSS case worker made a false report of non-payment on March 20, 2018 and that another case worker informed Plaintiff that his suspensions will continue until he agrees to increase payment. Plaintiff asserts that the Child Support Agency received an additional payment by wage assignment on April 12, 2018. *Id.* at 7. Plaintiff asserts that his driver's license was suspended and that Plaintiff was "taken off his job, effective 19 April 2018." *Id.* Plaintiff asserts that his "suspended license was released by court order on 20 April 2018." *Id.* Plaintiff attaches an "Ex Parte Application and Order – Family Law" from the Superior Court of California for the County of San Diego in which the court granted the release of Plaintiff's license. *Id.* at 20.

Plaintiff contends that he will suffer irreparable injury unless an injunction issues because his employment will be terminated if his license is suspended. *Id.* at 2–3. Plaintiff contends that "[t]here is a substantial likelihood that Plaintiff will establish at trial that the DEFENDANTS HAVE VIOLATED HIS RIGHTS UNDER AMENDMENT 5 OF THE U.S. CONSTITUTION." *Id.* at 3. Plaintiff states that he "is providing defendant's counsel copies of this motion, the proposed TRO, the memorandum in support of this motion, and declarations and exhibits in support thereof." *Id.* at 2.

## II. DISCUSSION

Federal Rule of Civil Procedure 65(b)(1) provides that

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). In this case, Plaintiff asserts that he has provided Defendants with notice of this motion. (ECF No. 24 at 2). Further, Plaintiff has not demonstrated that "immediate and irreparable injury" will result if the Court does not issue a temporary restraining order "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff asserts that the state court granted an ex parte application to release his suspended driver's license on April 20, 2018. (ECF No. 24 at 7, 20). Plaintiff has failed to comply with the requirements set forth in Rule 65(b)(1)(A-B). The application for a temporary restraining order is denied.

Rule 65(a) provides that "The Court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Plaintiff's motion for a preliminary injunction remains pending. Defendants shall file any opposition to the motion for a preliminary injunction on or before May 7, 2018. Plaintiff shall file any reply on or before May 14, 2018. The Court will rule thereafter.

### III. CONCLUSION

IT IS HEREBY ORDERED that the motion for an emergency restraining order (ECF No. 24) is DENIED.

IT IS FURTHER ORDERED that Defendants shall file any opposition to the motion for a preliminary injunction on or before May 7, 2018. Plaintiff shall file any reply on or before May 14, 2018. The motion for a preliminary injunction remains pending. (ECF No. 24).

Dated: April 23, 2018

Hon. William Q. Hayes
United States District Court