UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MAPP,<br><br>                Plaintiff,<br><br>v.<br><br>ERNESSITA SANTOS and<br>COUNTY OF SAN DIEGO,<br><br>                Defendants. | Case No.: 17cv2220-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the motion to dismiss filed by Defendants County of San Diego ("the County") and Ernessita Santos (ECF No. 17) and the motion for a preliminary injunction filed by Plaintiff Timothy Mapp. (ECF No. 24).

**I.    BACKGROUND**

    On February 8, 2018, Plaintiff Timothy Mapp, proceeding pro se, filed the First Amended Complaint ("FAC"), the operative pleading in this action, against Defendants Ernessita Santos[1] and the County. (ECF No. 14).

---

[1] Defendants state that Ernessita Santos was erroneously sued as "Earnessita Santos." (ECF No. 17 at 1).

1

On March 5, 2018, Defendants filed a motion to dismiss the FAC. (ECF No. 17). On April 3, 2018, Plaintiff filed a response in opposition. (ECF No. 19). On April 9, 2018, Defendants filed a reply. (ECF No. 21).

On April 23, 2018, Plaintiff filed a motion for a temporary restraining order and/or preliminary injunction seeking an injunction preventing Defendants from suspending his professional license pending entry of a final judgment in this action. (ECF No. 24).

On April 24, 2018, the Court issued an Order denying the motion for a temporary restraining order and setting a briefing schedule on the motion for a preliminary injunction. (ECF No. 25).

On May 4, 2018, Defendants filed a response in opposition to the motion for a preliminary injunction. (ECF No. 26).

On May 15, 2018, Plaintiff filed a reply (ECF No. 30) and an "Objection to Allegation of Non-Payment for Payments Due Prior to March 5th 2018." (ECF No. 28).

## II. ALLEGATIONS OF FACT

Plaintiff brings a cause of action pursuant to 42 U.S.C. § 1983 for violations of his due process rights in connection with the suspension of his professional license for failure to pay child support. Plaintiff alleges that Defendant Santos, a case worker for the Department of Child Support Services ("DCSS"), "made a false report of non-payment to the Department of Motor Vehicles" on April 18, 2017 and as a result "Plaintiff's professional license was suspended effective 18 May 2017." (ECF No. 14 at 3). Plaintiff alleges,

> The Department of Motor Vehicles notified the Plaintiff of the suspension on 6 September 2017. The Plaintiff contacted D.C.S.S. the same day. Plaintiff spoke to Edina Manny. Manny told the Plaintiff payment was received on 17 August 2017. Manny also told the Plaintiff he must speak to case worker Santos if he wants his license back.

*Id.* Plaintiff alleges that he brought two lawsuits in the California Superior Court for the County of San Diego dealing with the same or similar facts involved in this case, 37-2014-000-38542-CU-NP-CTL and 37-2017-000-2417-CU-NP-CTL. Plaintiff alleges that he

raised the issue of a "false report of non payment resulting in suspension of professional license and loss of employment" and that both state court cases were dismissed due to government immunity. *Id.* at 6.

Plaintiff seeks damages and an injunction preventing Defendants "from suspending Plaintiff's professional license without court order first." *Id.* at 7.

### III. REQUEST FOR JUDICIAL NOTICE

Defendants filed a request for judicial notice in support of their motion to dismiss. (ECF No. 17-2). Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Courts may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotations omitted).

The Court grants the request for judicial notice with respect to the following state court documents pursuant to Federal Rule of Evidence 201: (1) Exhibit 5, Family Support judgment/order from state court proceedings dated March 14, 2008; (2) Exhibit 6, Family support order from state court proceedings dated November 18, 2014; (3) Exhibit 7, motion filed in state court proceedings dated January 12, 2017; (4) Exhibit 8, Plaintiff's opposition/objection filed in state court proceedings dated February 7, 2017; (5) Exhibit 9, court order from state court proceedings dated February 23, 2017. ECF No. 17-2. The request is otherwise denied as unnecessary. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

## IV. MOTION TO DISMISS

Defendants move the Court for dismissal of this action under Federal Rule of Civil Procedure 12(b)(1). Defendants contend that the Court should abstain from adjudicating this matter under the *Rooker-Feldman* doctrine and *Younger* abstention principles. Defendants also move the Court for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In his response to the motion to dismiss, Plaintiff argues that he alleges adequate facts to state a claim under 42 U.S.C. § 1983. Plaintiff does not specifically address Defendants' arguments for dismissal on *Rooker-Feldman* and *Younger* grounds but asserts that the Court properly has subject matter jurisdiction. (ECF No. 19).

### A. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on the grounds that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack on subject matter jurisdiction under Rule 12(b)(1), the court assumes the factual allegations of the complaint to be true and draws all reasonable inferences in favor of the plaintiff. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). However, the court does not accept "the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone,* 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). "Once the moving party has converted the motion to dismiss

into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2.

### B. *Younger* Abstention

"*Younger* and its progeny teach that federal courts may not, where circumstances dictate, exercise jurisdiction when doing so would interfere with state judicial proceedings." *Canatella v. State of California*, 304 F.3d 843, 850 (9th Cir. 2002). "A district court must abstain . . . on the basis of *Younger* where: (1) state proceedings are ongoing; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings." *Id.* (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). *Younger* principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in addition to suits for injunctive and declaratory relief. *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004). In an action for damages, "relief is not discretionary, and it may not be available in the state proceedings." *Id.* at 980. Accordingly, "an abstention-based stay order, rather than a dismissal, is appropriate when damages are at issue." *Id.* at 975.

In this case, Plaintiff's claim arises from Defendants' efforts to enforce state court orders directing Plaintiff to pay child support.[2] The record reflects that state court proceedings are ongoing. In 2008, the Superior Court of California for the County of San Diego issued an order determining that Plaintiff owed child support arrearages for the period of November 30, 1991 to September 30, 2017. (Exhibit 5, ECF No. 17-3 at 29–30). On November 18, 2014, the state court issued an order precluding suspension of Plaintiff's driver's license without a prior court order. (Exhibit 6, ECF No. 17-3 at 31–32). Upon a

---

[2] Plaintiff alleges that Defendant Santos was acting pursuant to section 17520 of the California Family Code. Section 17520 provides that an agency can seek the suspension of a driver's license for an individual who is not in compliance with court-ordered child or family support payments. *See* Cal. Fam. Code § 17520.

motion by DCSS, the state court dissolved the order requiring DCSS to seek a court order prior to suspending Plaintiff's license. (Exhibit 9, ECF No. 17-3 at 47–48). The state court further stated that Plaintiff remained under a continuing order to pay arrears on a monthly basis. *Id.* Plaintiff filed an ex parte request seeking the release of his driver's license suspension in September 2017. (Exhibit 10, ECF No. 17-3 at 49–51). Plaintiff also asserts in the FAC that he has filed two previous cases in state court raising the issue of "false report of non payment resulting in suspension of professional license and loss of employment." (ECF No. 14 at 6).

*Younger* abstention further requires that important state interests are involved in the litigation. In *H.C. ex rel. Gordon v. Koppel*, the Ninth Circuit Court of Appeals determined that *Younger* abstention applied to a case where plaintiffs sought "to invoke the power of federal courts to alter the course of pending state custody proceedings." 203 F.3d 610, 612 (9th Cir. 2000). The Court of Appeals determined that important state interests were implicated because "[f]amily relations are a traditional area of state concern." *Id.* at 613 (quoting *Moore v. Sims*, 442 U.S. 415, 435 (1979)). The Court further stated that "a state has a vital interest in protecting the 'authority of the judicial system, so that its orders and judgments are not rendered nugatory.'" *Id.* (quoting *Juidice v. Vail*, 430 U.S. 327, 336 n.12 (1977)). The Court stated that this was particularly important in the field of domestic relations over which federal courts lack general jurisdiction and in which state courts "have a special expertise and experience." *Id.* In this case, Plaintiff seeks relief that would interfere with ongoing state child support proceedings. The Court concludes that this action implicates important state interests in family relations and protecting the authority of the judicial system.

Finally, Plaintiff has an adequate opportunity to litigate his federal due process claims in state court. *See Canatella*, 304 F.3d at 850. Plaintiff states in the FAC that he has previously asserted the same claims before the state court. The record reflects that the state court recently lifted an injunction that had provided the same relief Plaintiff seeks in this federal action. *See Koppel*, 203 F.3d at 613 (stating that a case where a plaintiff seeks

wholesale intervention into an ongoing state domestic dispute and the "vacation of existing interlocutory orders" is "precisely the type of case suited to *Younger* abstention").

The Court determines that *Younger* abstention is appropriate in this due process challenge under section 1983 in light of the ongoing state child support proceedings. In cases where damages are sought and *Younger* applies, the Ninth Circuit Court of Appeals has stated that a stay, rather than dismissal is generally warranted. *See Gilbertson*, 381 F.3d at 975. However, in *Gilbertson*, the Court of Appeals stated, "We do not foreclose the possibility of a unique case where damages are sought and *Younger* principles apply but dismissal is indicated for some other reason. A damages claim that is plainly frivolous, for example, might not save an action." *Id.* at 982 n.18. In this case, Plaintiff seeks an injunction preventing Defendants "from suspending Plaintiff's professional license without court order first" as well as damages in the sum of $15.00 and punitive damages in the sum of $168,000. (ECF No. 14 at 7). The allegations of the FAC do not clearly identify the due process violation that occurred with respect to the suspension of Plaintiff's license.[3] Plaintiff fails to provide any facts supporting his assertion of compensatory and punitive damages as currently pleaded. Accordingly, the Court concludes that dismissal without prejudice on *Younger* abstention grounds is warranted under these circumstances.[4]

## V. PRELIMINARY INJUNCTION

Although the Court has denied Plaintiff's request for a temporary restraining order, Plaintiff's motion for a preliminary injunction "enjoining defendant SAN DIEGO COUNTY, and all persons acting on its behalf, from SUSPENDING THE DRIVERS LICENSE OF TIMOTHY MAPP (PURSUANT TO CALIFORNIA FAMILY CODE

---

[3] Plaintiff seeks an injunction preventing the suspension of his license without court order. In his application for a preliminary injunction, Plaintiff provides an order from the Superior Court of California for the County of San Diego on April 20, 2018 requiring that Plaintiff's license be released. (ECF No. 14 at 6).

[4] The Court does not reach Defendants' alternate grounds for dismissal under the *Rooker-Feldman* doctrine and Federal Rule of Civil Procedure 12(b)(6).

17520, pending entry by the Court of a final judgment in this action" remains pending before the Court. (ECF No. 24 at 1). In opposition to the motion, Defendants argue that Plaintiff fails to satisfy his burden of demonstrating that he is entitled to a preliminary injunction in this matter.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation omitted). To obtain preliminary injunctive relief, a movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The Court has dismissed the FAC in this case on *Younger* abstention principles in light of state court proceedings. Accordingly, the Court cannot conclude that Plaintiff has demonstrated a likelihood of success on the merits. The motion for a preliminary injunction is denied. (ECF No. 24).

## VI. CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED. (ECF No. 17). The FAC is dismissed without prejudice. If no motion to file an amended complaint is filed within 30 days, the Clerk of the Court shall close the case.

IT IS FURTHER ORDERED that Plaintiff's motion for a preliminary injunction is DENIED. (ECF No. 24).

Dated: June 28, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court